NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO VELAZQUEZ-RAMOS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71663

Agency No. A213-086-340

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019**

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Roberto Velazquez-Ramos, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review questions of law de

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The agency did not err in determining that Velazquez-Ramos failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Velazquez-Ramos's asylum and withholding of removal claims fail.

We lack jurisdiction to consider Velazquez-Ramos's contention as to his CAT claim because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

18-71663